UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| **GUADALUPE LOCKE** | § | |
| **Plaintiff,** | § | |
| | § | |
| **vs.** | § | **CV:** |
| | § | |
| | § | |
| **PENSKE TRUCK LEASING CO., L.P.** | § | |
| **Defendant.** | § | |

---

### DEFENDANT PENSKE TRUCK LEASING CO., L.P.'S NOTICE OF REMOVAL

---

**TO THE HONORABLE JUDGE OF SAID COURT:**

**COMES NOW,** Defendant Penske Truck Leasing Co., L.P. (improperly named "Penske Truck Leasing) and files this its Notice of Removal and would respectfully show this Honorable Court as follows:

### I.

### INTRODUCTION

1.      Plaintiff Guadalupe Locke is an individual resident of McLennan County, Texas and maintains a Texas Driver's License.

2.      Defendant Penske Truck Leasing Co., L.P. is a Delaware limited partnership with its headquarters and principal place of business in Berks County, Pennsylvania at 2675 Morgantown Road, Reading, Pennsylvania 19607.  It is a citizen of the states of Pennsylvania and Delaware.

3.      On or about August 26, 2019, an action was commenced in the 170th Judicial District Court in McLennan County, Texas in Cause No. 2019-3021-4, styled *Guadalupe Locke*

*v. Penske Truck Leasing.* Defendant was served with a copy of Plaintiff's Original Petition on or about September 6, 2019. Defendant filed its Original Answer, General Denial and Affirmative Defenses on September 26, 2019, and Plaintiff was served with a copy of the Answer forthwith. This Notice of Removal is filed within thirty days of service of Plaintiffs' Original Petition and is timely filed pursuant to 28 U.S.C. §1446(b). Plaintiff filed its petition on August 26, 2019.

4.      On or about March 22, 2018, Plaintiff was working for Southeastern Freight Lines, driving a 53-foot trailer rented from Defendant. When Plaintiff attempted to raise the trailer door, it got stuck. Thereafter, Plaintiff attempted to pull the trailer further up, the door remained stuck, causing Plaintiff to suffer injuries to his right shoulder. Plaintiff brought this lawsuit against alleging negligence and respondeat superior against Defendant. This case is removable to federal court because of diversity jurisdiction.

## II.

## BASIS FOR REMOVAL

5.      Removal is proper because there is complete diversity between the parties. *See* 28 U.S.C. §1332(a). Plaintiff is an individual with his primary residence in the State of Texas located in McLennan County, Texas. Defendant Penske Truck Leasing Co., L.P. is a Delaware limited partnership with its headquarters and principal place of business in Berks County, Pennsylvania at 2675 Morgantown Road, Reading, Pennsylvania 19607. Defendant Penske Truck Leasing Co., L.P. is a citizen of the states of Pennsylvania and Delaware. This is a civil action between citizens of different states with an amount in controversy that exceeds $75,000.00. This court therefore has original jurisdiction pursuant to 28 U.S.C. §1332 and this suit may be removed to this court by Defendant pursuant to the provisions of 28 U.S.C. §1441.

6.      District courts "shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs and is

se navigation

between citizens of different states." 28 U.S.C. §1332(a)(1). In order to determine the citizenship of a natural person, the courts look at the domicile of the party which includes the state of residence of the party and the party's intent to remain in the state permanently. *See Acridge v. Evangelical Lutheran Good Samaritan Soc'y,* 334 F.3d 444, 447-448 (5th Cir. 2003). Additionally, the courts have stated, "in determining a litigant's domicile, the court must address a variety of factors. No single factor is determinative. The court should look to all evidence shedding light on the litigant's intention to establish domicile. The factors may include the places where the litigant exercises civil and political rights, pays taxes, owns real and personal property, has driver's and other licenses, maintains bank accounts, belongs to clubs and churches, has places of business or employment, and maintains a home for his family." *Coury v. Prot,* 85 F.3d 244, 251 (5th Cir. 1996); *see also Acridge v. Evangelical Lutheran Good Samaritan Soc'y,* 334 F.3d 444 at 448. Also, a party's statement of intent is relevant to the court's determination of domicile, but garners little weight if it conflicts with objective facts. *Coury v. Prot,* 85 F.3d 244 at 251. Further, a corporation is considered to be a citizen of both its state of incorporation and its principal place of business. *See Ill. Cent. Gulf R.R. Co. v. Pargas, Inc.,* 706 F.2d 633, 637 (5th Cir. 1983).

7. Pursuant to Plaintiff's Original Petition, and upon information and belief, the Plaintiff is an individual resident of McLennan County, Texas. Plaintiff's primary residence is in the State of Texas located in McLennan County, Texas. Defendant Penske Truck Leasing Co., L.P. is a Delaware limited partnership with its headquarters and principal place of business in Berks County, Pennsylvania at 2675 Morgantown Road, Reading, Pennsylvania 19607. There is complete diversity between the parties to this lawsuit and removal is appropriate under 28 U.S.C. §1332(a).

8. Upon information and belief, the amount in controversy in this action exceeds $75,000.00 exclusive of interest and costs. In his Original Petition, Plaintiff alleges that this civil action exceeds $200,000.00 but not more than $1,000,000.00. Plaintiff also seeks to recover the following damages:

    a.    Reasonable medical care and expenses incurred in the past;

    b.    Reasonable medical care and expenses which will, in all probability, be incurred in the future;

    c.    Physical pain and suffering in the past;

    d.    Physical pain and suffering which will, in all probability, be incurred in future;

    e.    Physical impairment in the past;

    f.    Physical impairment which, in all probability, will be suffered in the future;

    g.    Loss of earning capacity incurred in the past; and

    h.    Loss of earning capacity which will, in all probability, be incurred in the future.

9. Venue is proper in this district and division under 28 U.S.C. §1441(a) for the same reason that Plaintiff's Original Petition was filed in McLennan County, Texas, which is within the Waco Division of the United States District Court for the Western District of Texas.

10. In filing this Notice of Removal, Defendant does not waive and expressly reserves all objections and defenses which they may have under Rule 12(b) of the FEDERAL RULES OF CIVIL PROCEDURE and any other rules applicable to this action.

11. Defendant will promptly file a copy of this Notice of Removal with the clerk of the state court where the action has been pending.

12.     All pleadings, process, orders, and other filings in the state court action will be attached to this notice as required by 28 U.S.C. §1446(a).  Please see Exhibit "A" attached herein.

### III.

### PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Defendant respectfully requests that this matter be removed to federal court and for such other and further relief, both at law and in equity, to which this Defendant is justly entitled.

Respectfully submitted,


By:_____/s/  William F. Allred_____
     **WILLIAM F. ALLRED**
     Texas Bar No.:  01104550
     **AMY AGNEW**
     Texas Bar No.:  24048325

**COOPER & SCULLY, P.C.**
Founders Square
900 Jackson Street, Suite 100
Dallas, Texas 75202
Phone:  (214) 712-9500
Fax:  (214) 712-9540

**ATTORNEYS FOR DEFENDANT**

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that a true and correct copy of the foregoing was mailed via certified mail, return receipt requested to the following attorney(s) of record on this the 3rd day of October, 2019.

Christopher W. Bennett
LAW OFFICES OF ZIMMERMAN, COTNER, LEJEUNE, RESSETAR & BENNETT
3501 West Waco Drive
Waco, Texas 76710

/s/ William F. Allred
_____
**WILLIAM F. ALLRED**

# EXHIBIT "A"

**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

| | | |
|---|---|---|
| **GUADALUPE LOCKE** | § | |
| **Plaintiff,** | § | |
| | § | |
| **vs.** | § | **CV:** |
| | § | |
| | § | |
| **PENSKE TRUCK LEASING CO., L.P.** | § | |
| **Defendant.** | § | |

---

**INDEX OF ATTACHED STATE COURT PLEADINGS AND FILING DATES**

---

**TO THE HONORABLE UNITED STATES DISTRICT JUDGE:**

| | | |
|---|---|---|
| 1. | Plaintiff's Original Petition | 08/26/2019 |
| 2. | Request for Issuance | 08/29/2019 |
| 3. | Citation | 08/29/2019 |
| 4. | Affidavit of Service | 09/10/2019 |
| 5. | Defendant's Original Answer, General Denial and Affirmative Defenses | 09/26/2019 |

# EXHIBIT "1"

FILED   **Nichelle Maddison**
MCLENNAN COUNTY
8/26/2019 9:28 AM
JON R. GIMBLE
DISTRICT CLERK

NO. **2019-3021-4** _____

| | | |
|---|---|---|
| **GUADALUPE LOCKE**<br>    Plaintiff, | §<br>§<br>§ | IN THE DISTRICT COURT OF |
| **V.** | §<br>§ | MCLENNAN COUNTY, TEXAS |
| **PENSKE TRUCK LEASING**<br>    Defendant. | §<br>§<br>§ | **170TH** _____ JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION

To the Honorable Judge of Said Court:

NOW COMES Guadalupe Locke, hereinafter referred to as Plaintiff, complaining of and about Penske Truck Leasing or whomever owned and maintained the truck described herein, Defendants herein, who were acting in conformity with the allegations in this Petition and for cause of action show unto the Court the following:

### DISCOVERY CONTROL PLAN LEVEL

1.     Plaintiff intends that discovery be conducted under Discovery Level 2 of the *Texas Rules of Civil Procedure.*

### PARTIES AND SERVICE

2.     Plaintiff is an individual residing in McLennan County, Texas. The last three (3) digits of Plaintiff's driver's license number are 707.  The last three (3) digits of Plaintiff's Social Security number are 883.

3.     Defendant Penske Truck Leasing is a foreign for-profit company and is

Copy from re:SearchTX

sued under its assumed name pursuant to Rule 28 of the Texas Rules of Civil Procedure. Defendant is authorized to do business in the state of Texas and may be served with process pursuant to TEX. BUS. ORG. CODE §5.255 by serving its registered agent: Corporation Service Company dba CSC – Lawyers Incorporating Service Company, 211 E. 7th Street, Suite 620, Austin, Texas 78701. Service of said Defendant as described above can be effected by personal delivery or certified mail, return receipt requested.

## JURISDICTION AND VENUE

4.      All conditions precedent have been met or occurred.

5.      The subject matter in controversy is within the jurisdictional limits of this Court.

6.      Plaintiff seeks monetary relief over $200,000 but not more than $1,000,000.

7.      This Court has jurisdiction over Defendant because they purposefully availed themselves of the privilege of conducting activities in the State of Texas and established minimum contacts sufficient to confer jurisdiction over said Defendant, and the assumption of jurisdiction over Defendant will not offend traditional notions of fair play and substantial justice and is consistent with the constitutional requirements of due process.

8.      Plaintiff would show that Defendant had continuous and systematic contacts with the State of Texas sufficient to establish general jurisdiction.

9.      Plaintiff would also show that the cause of action arose from or relates to

- 2 -

Copy from re:SearchTX

the contacts of Defendant to the state of Texas, thereby conferring specific jurisdiction with respect to Defendant.

    10.    Venue in McLennan County is proper in this cause under TEX. CIV. PRAC. & REM. CODE § 15.002(a)(1) because all or a substantial part of the events or omissions giving rise to this lawsuit occurred in McLennan County.

FACTS

    11.    On or about March 22, 2018, Plaintiff was working for Southwestern Freight Lines, driving a 53-foot trailer that had been rented from Defendant. When Plaintiff attempted to raise the trailer door, the door got stuck approximately halfway up. When Plaintiff attempted to pull the trailer further up, the door remained stuck, causing Plaintiff to suffer a severe injury to his right shoulder.

**PLAINTIFF'S CLAIM OF NEGLIGENCE AGAINST DEFENDANT**

    12.    Defendant had a duty to exercise the degree of care that a reasonably careful person would use to avoid harm to others under circumstances similar to those described herein.

    13.    The personal injuries of Plaintiff were proximately caused by Defendant's negligent, careless and reckless disregard of said duty.

    14.    The negligent, careless and reckless disregard of duty of Defendant consisted of, but is not limited to, Defendant's failure to properly maintain the trailer.

    15.    In addition, and in the alternative, Defendant owned and/or controlled the

- 3 -

Copy from re:SearchTX

trailer at all times material hereto. Defendant knew or should have known of the danger created by the door not properly opening. The condition presented an unreasonable risk of harm to Plaintiff. Defendant failed to make the condition reasonably safe and failed to provide Plaintiff with an adequate warning of the condition.

16. Each of such acts and omissions by Defendant, singularly or in combination with others, constituted negligence which proximately caused the collision and the personal injuries which Plaintiff suffered.

## RESPONDEAT SUPERIOR

17. At all relevant times, Defendant's employees were acting in the course and scope of their employment with Defendant. Under the doctrine of *respondeat superior*, Defendant is thereby liable for the negligence of their employees.

## PLAINTIFF'S DAMAGES

18. As a direct and proximate result of the occurrence made the basis of this lawsuit, Plaintiff was caused to suffer personal injuries, and to incur the following damages:

      a. Reasonable medical care and expenses in the past. These expenses were incurred by Plaintiff for the necessary care and treatment of the injuries resulting from the accident complained of herein and such charges are reasonable and were usual and customary charges for such services in the Texas counties in which they were incurred;

- 4 -

Copy from re:SearchTX

b.  Reasonable and necessary medical care and expenses which will, in all probability, be incurred in the future;

c.  Physical pain and suffering in the past;

d.  Physical pain and suffering which will, in all probability, be incurred in the future;

e.  Physical impairment in the past;

f.  Physical impairment which, in all probability, will be suffered in the future;

g.  Loss of earning capacity incurred in the past; and,

h.  Loss of earning capacity which will, in all probability, be incurred in the future.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully prays that Defendant be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for Plaintiff against Defendant for damages in an amount within the jurisdictional limits of this Court; together with pre-judgment interest at the maximum rate allowed by law; post-judgment interest at the legal rate, costs of court; and, such other and further relief to which Plaintiff may be entitled at law or in equity.

Copy from re:SearchTX

Respectfully submitted,

**LAW OFFICES OF ZIMMERMAN, COTNER,
LEJEUNE, RESSETAR & BENNETT**
A Professional Corporation
3501 West Waco Drive
Waco, Texas 76710
(254) 752-9688
(254) 752-9680 (fax)

BY:

CHRISTOPHER W. BENNETT
State Bar No. 24069367
cbennett@zlawhelp.com

**ATTORNEYS FOR PLAINTIFF**

- 6 -

Copy from re:SearchTX

# EXHIBIT "2"

**FILED** Nichelle Maddison
**MCLENNAN COUNTY**
**8/29/2019 4:26 PM**
**JON R. GIMBLE**
**DISTRICT CLERK**

THE ZIMMERMAN LAW FIRM

ZIMMERMAN, ZIMMERMAN, COTNER, & LeJEUNE

*A Professional Corporation*

ATTORNEYS AT LAW

MICHAEL A. ZIMMERMAN

ROBERT W. COTNER

JOHN B. LEJEUNE

J. D. RESSETAR

CHRIS W. BENNETT

OF COUNSEL

RODGER M. ZIMMERMAN

P.O. BOX 88
WACO, TEXAS 76703

3501 WEST WACO DRIVE
WACO, TEXAS 76710

TELEPHONE (254) 752-9688

FACSIMILE (254) 752-9680

WWW. ZZCYLAW.COM

ZZMAIN@THEZIMMERMANLAWFIRM.COM

# REQUEST FOR ISSUANCE
## 2019-3021-4

CAUSE NUMBER: _____ DATE: 08/22/19

PERSON TO BE SERVED: Penske Truck Leasing by serving its Registered Agent: Corporation Service Company d/b/a CSC – Lawyers Incorporating Service Company

ADDRESS TO SERVE: 211 E. 7th Street, Suite 620, Austin, Texas 78701

FEES PAID BY: CHECK _____ CASH _____ DEBIT _____ OATH _____ CREDIT CARD _____ OTHER **X**
(INCLUDES PROCESSING FEE)

**ISSUANCE:**

CITATION     X

NOTICE OF HEARING/CONTEMPT **(CIRCLE)**
TRO _____

PROTECTIVE ORDER _____

WRIT OF (SPECIFY) _____

OTHER **(SPECIFY)** _____

**SERVICE:**

DELIVER TO ATTORNEY          _____X_____

**DELIVER TO CONSTABLE**       _____

DELIVER TO PRIVATE PROCESS SERVER  _____
                                   (SPECIFY)

DELIVER TO SHERIFF             _____

**REQUESTED BY:**

(PLEASE PRINT)
By: Julie Neal _____

FIRM The Zimmerman Law Firm _____

CONTACT NO. (254) 752-9688 _____

# EXHIBIT "3"

FILED
MCLENNAN COUNTY
9/10/2019 6:41 PM
JON R. GIMBLE
DISTRICT CLERK

Nichelle Maddison

# CITATION

PAPER# 1
ATTY

## THE STATE OF TEXAS

Cause No: 2019-3021-4

TO: PENSKE TRUCK LEASING, A FOREIGN FOR-PROFIT COMPANY, DEFENDANT - BY SERVING ITS REGISTERED AGENT, CORPORATION SERVICE COMPANY DBA CSC-LAWYERS INCORPORATING SERVICE COMPANY, AT 211 E. 7TH STREET, SUITE 620, AUSTIN, TEXAS 78701

GREETINGS:

**YOU ARE HEREBY COMMANDED** to appear before the Honorable District Court below, of McLennan County, Texas, at the Courthouse of said County located at 501 Washington Avenue in Waco, Texas, by filing a written answer with the Clerk of the Court, at or before 10 o'clock A.M. of the Monday next after the expiration of twenty days after the date of service of this citation, to the pleading described below, in the cause number described below on the docket of said court, and styled,

PARTIES TO THIS ACTION ARE:

**GUADALUPE LOCKE**                                                               Plaintiff

VS.

**PENSKE TRUCK LEASING, A FOREIGN FOR-PROFIT COMPANY**       Defendant

Court: **170TH JUDICIAL DISTRICT**
Pleading: **PLAINTIFF'S ORIGINAL PETITION**
Pleading File Date: **AUGUST 26, 2019**
Cause No: **2019-3021-4**

### NOTICE

*You have been sued. You may employ an attorney. If you or your attorney does not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and the above pleading, a default judgment may be taken against you.*

The officer executing this citation shall promptly serve the same according to requirements of law, and the mandates hereof, and make due return as the law directs.

**ISSUED AND GIVEN UNDER MY HAND AND SEAL OF OFFICE**, at Waco, McLennan County, Texas.
Issue Date: **AUGUST 29, 2019.**

**CHRISTOPHER W. BENNETT**                 Jon R. Gimble, District Clerk
**3501 WEST WACO DRIVE**                    501 Washington Ave., Suite 300 Annex
**WACO, TEXAS 76710**                        Waco, McLennan County, Texas 76701
Attorney for Plaintiff                       By: _____ Deputy
                                                **PAIGE EDMUNDSON**

Copy from re:SearchTX

# EXHIBIT "4"

FILED
MCLENNAN COUNTY
9/10/2019 6:41 PM
JON R. GIMBLE
DISTRICT CLERK
Nichelle Maddison

# CITATION

**PAPER# 1**
**ATTY**

## THE STATE OF TEXAS

**Cause No: 2019-3021-4**

**TO:   PENSKE TRUCK LEASING, A FOREIGN FOR-PROFIT COMPANY, DEFENDANT - BY SERVING ITS REGISTERED AGENT, CORPORATION SERVICE COMPANY DBA CSC-LAWYERS INCORPORATING SERVICE COMPANY, AT 211 E. 7TH STREET, SUITE 620, AUSTIN, TEXAS 78701**

**GREETINGS:**

**YOU ARE HEREBY COMMANDED** to appear before the Honorable District Court below, of McLennan County, Texas, at the Courthouse of said County located at 501 Washington Avenue in Waco, Texas, by filing a written answer with the Clerk of the Court, at or before 10 o'clock A.M. of the Monday next after the expiration of twenty days after the date of service of this citation, to the pleading described below, in the cause number described below on the docket of said court, and styled,

PARTIES TO THIS ACTION ARE:

**GUADALUPE LOCKE**                                                               Plaintiff

VS.

**PENSKE TRUCK LEASING, A FOREIGN FOR-PROFIT COMPANY**                   Defendant

Court: **170TH JUDICIAL DISTRICT**
Pleading: **PLAINTIFF'S ORIGINAL PETITION**
Pleading File Date: **AUGUST 26, 2019**
Cause No: **2019-3021-4**

### NOTICE

*You have been sued. You may employ an attorney. If you or your attorney does not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and the above pleading, a default judgment may be taken against you.*

The officer executing this citation shall promptly serve the same according to requirements of law, and the mandates hereof, and make due return as the law directs.

**ISSUED AND GIVEN UNDER MY HAND AND SEAL OF OFFICE**, at Waco, McLennan County, Texas.
Issue Date: **AUGUST 29, 2019.**

**CHRISTOPHER W. BENNETT**
**3501 WEST WACO DRIVE**
**WACO, TEXAS 76710**
Attorney for Plaintiff

Jon R. Gimble, District Clerk
501 Washington Ave., Suite 300 Annex
Waco, McLennan County, Texas 76701

By: _Paige Edmundson_ , Deputy
**PAIGE EDMUNDSON**

## RETURN OF SERVICE

Style: **GUADALUPE LOCKE VS. PENSKE TRUCK LEASING, A FOREIGN FOR-PROFIT COMPANY**
Cause No: **2019-3021-4**
Court: **170TH JUDICIAL DISTRICT**
Paper#: **1**
Pleading: **PLAINTIFF'S ORIGINAL PETITION**

Came to hand on the _____ day of _____, 20_____ at _____o'clock _____M. and executed on the _____

day of _____, 20_____ by delivering to the party designated in the citation, to-wit:

_____

_____

at _____o'clock ___M; in person, a true copy of this citation with a true and correct copy of the pleading attached

thereto, having first endorsed on such copy of said citation the date of delivery.          See Attached Return of Service

FEES: Serving one (1) copy                         _____

Total $_____    NO SHERIFF OR CONSTABLE       _____ County, Texas
                        FEES COLLECTED                By _____


**NOT EXECUTED FOR THE FOLLOWING REASONS** _____

and having attempted on _____.


"My name is _____ (First) _____ (Middle) _____ (Last), my

date of birth is _____, and my address is _____

_____.

I declare under penalty of perjury that the foregoing is true and correct. Executed in _____ County, State

of Texas, on the _____ day of _____ (Month) _____ (Year)

_____ (Signature) Declarant"

Copy from re:SearchTX

## AFFIDAVIT OF SERVICE
### 170th Judicial District Court of MCLENNAN County, Texas
### Cause No. 2019-3021-4

**Guadalupe Locke**

*Plaintiff(s)*

vs.

**Penske Truck Leasing**

*Defendant(s)*

Came to hand on September 3, 2019, at 11:28 AM.

And executed at the address of 211 E. 7th Street, Suite 620, AUSTIN, TX 78701 within County, Texas on September 6, 2019 at 11:45 AM, by delivering to the within named:

### Penske Truck Leasing by serving its Registered Agent, Corporation Service Company dba CSC-Lawyers Incorporating Service Company

by personally delivering true copies of this Citation; Plaintiff's Original Petition to Alex Entrekin , Agent For Service Of Process, having first endorsed on such copy the date of delivery.

I am competent to make this oath; I am not less than 18 years of age, I am not a party to the above-referenced cause, I have not been convicted of a felony or a crime involving moral turpitude, and I am not interested in the outcome of the above-referenced cause. I have personal knowledge of the facts set forth in the foregoing affidavit and declare that the statements therein contained are true, correct and within my personal knowledge.

My name is Jared Tyrel Stanfield, my date of birth is August 12, 1986, and my address is 100 West Trail, Spicewood, Texas 78669. I declare under penalty of perjury that the foregoing is true and correct.

Executed in __Travis__ County, State of __Texas__ on the __9__ day of __September__ 2019.

_____ (Declarant)
Jared Tyrel Stanfield, PSC-13309; Exp. 10/31/2019

Zimmerman, Zimmerman, Cotner, LeJeune & Ressetar
Job ID: 1902235

Service Fee: $50.00
Witness Fee: $_____

# EXHIBIT "5"

**FILED**
**MCLENNAN COUNTY**
**9/26/2019 10:58 AM**
**JON R. GIMBLE**
**DISTRICT CLERK**
Dana Shane

## CAUSE NO. 2019-3021-4

| | | |
|---|---|---|
| GUADALUPE LOCKE | § | IN THE DISTRICT COURT OF |
| | § | |
| V. | § | 170TH JUDICIAL DISTRICT |
| | § | |
| PENSKE TRUCK LEASING CO., L.P. | § | MCLENNAN COUNTY, TEXAS |

## DEFENDANT PENSKEY TRUCK LEASING CO., L.P.'S ORIGINAL ANSWER GENERAL DENIAL AND AFFIRMATIVE DEFENSES

**TO THE HONORABLE JUDGE OF SAID COURT:**

    **COMES NOW**, Penske Truck Leasing Co., L.P., incorrectly named as Penske Truck Leasing (hereinafter "Penske"), the Defendant in the above-styled and numbered cause, and files this its Original Answer, General Denial and Affirmative Defenses, and would respectfully state and show this Court as follows:

## I.

## GENERAL DENIAL

    Pursuant to the TEXAS RULES OF CIVIL PROCEDURE 92, Defendant Penske hereby denies each and every, all and singular, the material allegations contained in Plaintiff's Original Petition, an demands that Plaintiff be required to prove his allegations by a preponderance of the evidence and as required by law.

## II.

## AFFIRMATIVE DEFENSES

    Pleading further, if necessary, and in the affirmative, Defendant Penske alleges that the injuries and damages sought by the Plaintiff were caused, in whole or in part, by the negligence of Plaintiff or third-parties over whom this defendant had no right of or actual control.

Pleading further, if necessary, and in the affirmative, Defendant Penske would show that the alleged occurrence made the basis of this lawsuit was the result of circumstances and/or events that were not of Defendant Penske's own creation. Further, Penske had no control over the use of the trailer door. Defendant Penske would further show it acted just as a similarly situated reasonable company would have acted under the same or similar circumstances surrounding the matters made the basis of this lawsuit.

Pleading further, if necessary, and in the affirmative, Defendant Penske hereby gives actual notice to the Plaintiff, that any and all documents produced during discovery may be used against Plaintiff, if any, at any pre-trial proceeding and/or trial of this matter without the necessity of authenticating the document. This notice is given pursuant to Rule 193.7 of the TEXAS RULES OF CIVIL PROCEDURE.

Defendant Penske further pleads that the injuries plead by the Plaintiff were caused in, whole or in part, by superseding and/or intervening causes, including pre-existing conditions and/or injuries and subsequently occurring injuries and/or conditions. Defendant Penske further pleads that the Plaintiff failed to exercise that degree of care and caution which would have been exercised by a person of ordinary prudence under the same or similar circumstances and such conduct was negligence which was the direct and proximate cause of the accident in question and the alleged injuries and damages; or, alternatively, was a direct and proximate cause of the injuries and the damages, if any.

Answering further, and in the affirmative, Defendant Penske asserts the doctrine of comparative causation as set forth in Chapter 33, of the TEXAS CIVIL PRACTICE & REMEDIES CODE, which may bar any recovery by the Plaintiff, or may in the alternative reduce the amount of recovery by the Plaintiff based on the Plaintiff's own percentage of fault.

By way of further answer, Defendant Penske hereby gives actual notice to the Plaintiff, that any and all documents produced during discovery may be used against the Plaintiff, if any, at any pre-trial proceeding and/or trial of this matter without the necessity of authenticating the document.   This notice is given pursuant to Rule 193.7 of the TEXAS RULES OF CIVIL PROCEDURE.

Defendant Penske also invokes § 18.091 of the TEXAS CIVIL PRACTICES & REMEDIES CODE and requests that to the extent the Plaintiff seeks recovery for loss of earnings, loss of earning capacity, loss of contributions of a pecuniary value, or a loss of inheritance, that the evidence to prove such loss must be presented in the form of a net loss after reduction for income tax payments or unpaid tax liability.   Defendant Penske further requests that the Court instruct the jury as to whether any recovery for compensatory damages sought by the Plaintiff is subject to federal income taxes.

Answering further and in the affirmative, Defendant Penske invokes § 41.0105 of the TEXAS CIVIL PRACTICE & REMEDIES CODE concerning Plaintiff's claim for the recovery of health care expenses and other related damages, past and future.

Defendant Penske further alleges that the Plaintiff's claims for pre-judgment interest are limited by the dates and amounts set forth in § 304.101 of the TEXAS FINANCE CODE and § 41.007 of the TEXAS CIVIL PRACTICE & REMEDIES CODE.

Pleading further if necessary, Defendant Penske will show that the trailer in issue was not under the care, custody or control of Penske.   This trailer was leased by Southeastern Freight Lines, Inc., ("Southeastern") as the employer for the Plaintiff, Guadalupe Locke.   Therefore any alleged injury by Mr. Locke would be controlled by the Worker's Compensation laws under the state of Texas.   Plaintiff's claims are barred in full for any kind of alleged negligent claim against

against Penske; therefore, Penske raises by way of affirmative defense the statutory bar under the Texas Worker's Compensation laws.

**WHEREFORE, PREMISES CONSIDERED**, Defendant Penske respectfully prays that this matter be set for trial, with notice to the Plaintiff, and that upon completion of the trail thereof, the Court grant that Plaintiff take nothing by this suit, that Defendant Penske be discharged without liability, and for such other and further relieve, both general and special, both at law and in equity, to which Defendant Penske may show itself to be justly entitled.

Respectfully submitted,

By:_____

**WILLIAM F. ALLRED**
Texas Bar No.: 01104550
E-mail: William.Allred@CooperScully.com
**AMY AGNEW**
Texas Bar No.: 24048325
E-mail: Amy.Agnew@CooperScully.com

**COOPER & SCULLY, P.C.**
Founders Square
900 Jackson Street, Suite 100
Dallas, Texas 75202
Phone: (214) 712-9500
Fax: (214) 712-9540

**ATTORNEYS FOR DEFENDANT
PENSKE TRUCK LEASING**

### CERTIFICATE OF SERVICE

      Pursuant to Rule 21 of the TEXAS RULES OF CIVIL PROCEDURE, I hereby certify that the foregoing instrument has been served upon all attorneys of record on this the _26__ day of _____, 2019.


     Christopher W. Bennett
     LAW OFFICES OF ZIMMERMAN, COTNER,
       LEJEUNE, RESSATAR & BENNETT, P.C.
     3501 West Waco Drive
     Waco, Texas 78710


                         **WILLIAM F. ALLRED**